<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 00-6000**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHERWIN TIMOTHY FARMER,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (CR-98-33, CA-99-123-7)

───────────

Submitted: July 13, 2000          Decided: July 20, 2000

───────────

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

───────────

Dismissed unpublished per curiam opinion.

───────────

Sherwin Timothy Farmer, Appellant Pro Se. Anthony Paul Giorno, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sherwin Timothy Farmer seeks to appeal the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000) and his motions for reconsideration. We deny a certificate of appealability and dismiss the appeal.

In appeals involving the United States, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Farmer's § 2255 motion was entered on the docket on August 28, 1999. On September 10, Farmer filed a pleading construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). This motion was denied by an order entered September 30. Although Farmer moved for reconsideration of this order, only the first of multiple motions for reconsideration targeting the same unaltered judgment will extend the deadline for taking an appeal. See Charles v. Daley, 799 F.2d 343, 347-48 (7th Cir. 1986). Accordingly, Farmer's notice of appeal was due on November 29. Farmer's notice of appeal was filed, at the earliest, on December 6, 1999. Accordingly, we deny Farmer's motion for a

2

certificate of appealability and dismiss the appeal from the underlying order as untimely.

Farmer's notice of appeal was timely, however, as to the district court's denial of his final two motions for reconsideration. We review the district court's denial of these motions for an abuse of discretion and find none. See Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997) (providing standard). Accordingly, we deny a certificate of appealability and dismiss this portion of Farmer's appeal. We also deny Farmer's motion for appointment of counsel, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED